UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON,<br><br>             Plaintiff,<br><br>      v.<br><br>SWEENEY, et al.,<br><br>             Defendants. | Case No.: 1:14-cv-01526-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR LACK OF EXHAUSTION OF THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 15] |

Plaintiff Vance Edward Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Sweeney and Hardon for retaliation in violation of the First Amendment.

On May 13, 2015, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust the administrative remedies. Plaintiff filed an opposition on June 22, 2015, and Defendants filed a reply on June 29, 2015.[1] (ECF Nos. 16, 17, 18, 19.) On July 15, 2015, Plaintiff filed a surreply.[2] (ECF No. 22.)

---

[1] Defendants submit that Plaintiff's opposition is untimely and should not be considered. (ECF No. 19, at 2-3.) Under the mailbox rule, Plaintiff's opposition was deemed filed on June 12, 2015-9 days beyond the 21 days period of time to file an opposition. Local Rule 230(l). Plaintiff's opposition will be deemed timely filed given Plaintiff's pro se status and the lack of prejudice to Defendants.

1

# I.

# DISCUSSION

## A.     Motion for Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carm en v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, (1986)).

///

---

[2] Plaintiff is advised that the Local Rules of this Court governing motions in prisoner cases do not provide for the submission of a surreply. Local Rule 230(l). A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, No. CVF 05-869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). In this instance, the Court will consider Plaintiff's surreply in light of the fact that Defendants submitted a supplement declaration of J. Morgan in their reply.

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B.    Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings. Albino, 747 F.3d at 1170. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having

an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

"[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 549 U.S. 199, 219 (2007). "The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. In California, the courts have previously found that CDCR guidelines do not need to identify the defendants by name because the proper form and CDCR regulations do not require identification of specific individuals. See, e.g., Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005). However, as of January 2011, inmates are required to list all staff members involved and describe their involvement, include only one issue or related set of issues per appeal, and "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a)(1)-(4) (Jan. 28, 2011).

**C.    Allegations of Complaint**

On January 1, 2014, Defendant Sweeney wrongfully took away legal paperwork, opened personal hygiene items, stepped on food, spit in his prayer oil and confiscated his flat screen television. (ECF No. 1, Compl. at 5.) Plaintiff contends this was done in retaliation for filing a 602 grievance against correctional officer White. Plaintiff further alleges that Defendant Sweeney refused to provide indigent state envelopes to Plaintiff so he could mail his attorney information regarding officer White's actions. Plaintiff also contends Defendant Sweeney harassed and intimated him

4

following the incident. Plaintiff submits that Defendant Hardin was present during these events and condoned Sweeney's activity and acted as his look out.

Plaintiff further alleges that Defendant Hardin filed a rules violation report (CDC-115) for tampering with fire protection system in further retaliation for the 602 grievance filed against officer White, when Defendant ransacked Plaintiff's cell.

Plaintiff further contends that after he was granted a cell move shortly after the hearing on the rules violation report, Defendant Hardin retaliated against him by refusing and delaying the cell move for over two weeks. Plaintiff claims his cell was cold and he was ill, and he attempted to stop the cold air from entering his cell from the vent by covering it.

**D.    Statement of Undisputed Facts**

1.    Plaintiff Vance Edward Johnson (P48409) is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR). (ECF No. 1, Compl., at 1.)

2.    At all times relevant to this lawsuit, Plaintiff was incarcerated at Pleasant Valley State Prison (PVSP) in Coalinga, California. (Id.)

3.    At all relevant times to this lawsuit, Defendant Correctional Officer Sweeney was employed by CDCR at PVSP. (Id. at 3.)

4.    At all relevant times to this lawsuit, Defendant Correctional Officer Hardin was employed at CDCR at PVSP. (Id. at 4.)

**CDCR'S ADMINISTRATIVE GRIEVANCE PROCESS**

5.    CDCR provides its inmates with a comprehensive administrative grievance process in which inmates may appeal departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on their welfare. (Voong Decl. ¶ 2.)

6.    CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeals to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). (Voong Decl. ¶ 3.)

7.    The administrative grievance process must be commenced by submitting CDCR form 602 to an individual institution's appeals coordinator. If the inmate is dissatisfied with the results of review obtained at the form or first level, or if this level is permissibly bypassed, the

inmate must proceed to the second level by completing section D or CDCR form 602 and submitting the form within thirty calendar days of the prior decision. (Voong Decl. ¶ 4.)

8. If the inmate's appeal is partially granted or denied at the second level of review or he is otherwise dissatisfied with the result, the inmate must explain the basis for his dissatisfaction in section F of form 602 and mail the form for review by the Chief of the OOA, via regular mail, legal mail or institutional mail, within thirty calendar days of the prior decision. (Voong Decl. ¶ 5.)

9. OOA, in the ordinary course of business, receives, reviews, and maintains all inmate appeals, with the exception of medical appeals, accepted for a third level of review, as well as those screened out at the third level. This is the final level of review in CDCR's inmate appeal process. (Voong Decl. ¶ 6.)

10. All inmate appeals for review by OOA are logged and recorded in a computerized database called the Inmate/Parolee Appeals Tracking System – Level III (Tracking System). Also recorded in this database are all appeals received by OOA but screened out, with the reason for the screen out. (Voong Decl. ¶ 7.)

11. A decision from OOA exhausts CDCR's available administrative grievance procedures. (Voong Decl. ¶ 8.)

12. In case number 13 CRWR681574 in the Superior Court of California, County of Fresno, the Court required an evidentiary hearing to resolve factual matters pertaining to Plaintiff/Petitioner's contention that PVSP was not properly processing his CDCR Form 602 administrative appeals. (Compl. at 54.) On April 15, 2014, the Court continued the evidentiary hearing because PVSP agreed to process the appeals. (Id. at 76.) Plaintiff's petition was later denied as moot. The appeals process was conducted on two separate property issues regarding various CDs and a radio. (Morgan Decl. at ¶¶ 9-10, Exs. H, I, J, K, L, M and N.)

**E. Parties' Positions**

Defendants argue that Plaintiff had no inmate appeals accepted for review at PVSP within five months of the alleged actions, but he did have a number of appeals that were screened out during that

time. Defendants conclude that because Plaintiff never had an appeal accepted at the third level of review, he failed to exhaust the administrative remedies as to the claims in the present action.

Plaintiff argues that his effort to exhaust the administrative remedies was thwarted by prison staff members' conduct.

**F.    Findings**

1.    <u>Plaintiff's Use of Administrative Appeal Process</u>

Defendants submit the declaration of J. Morgan, Appeals Coordinator at PVSP, who declares that Plaintiff had no inmate appeals accepted for review at PVSP within five months of the alleged actions. (Morgan Decl. ¶ 4, Exs A. H, I, J, K, L, M and N.) However, Plaintiff had several appeals that were screened out during that time. (<u>Id.</u>)

In appeal PVSP-C-14-00078, Plaintiff complained about inmate mail. (Morgan Decl. ¶ 6, Exs. B and C.) The appeal was screened out at the first level of review because it was untimely and Plaintiff failed to attach the "unanswered CDCR 22s [Inmate/Parolee Request for Interview] submitted to Officer Sweeney, in response to your statements, stating C/O Sweeney was not going to answer your CDCR 22s." (<u>Id.</u>, Ex. C.)

In appeal PVSP log number 14-00085, dated January 1, 2014, Plaintiff alleged that officers Sweeny and Hardin conducted a cell search and took his TV stating it had scratches on it and that someone else owned it. (Morgan Decl. ¶ 7, Exs. D and E.) Plaintiff contends the TV did not have any scratches on it and his last name and inmate identification number was located on the top of the TV. (<u>Id.</u>) Plaintiff claimed his name and inmate ID were located at the top portion of the TV. (<u>Id.</u>) Plaintiff further alleged the TV did not have this information scratched out as claimed by Defendants. Plaintiff also claimed that Defendants Sweeney and Hardin harassed and intimidated him. (<u>Id.</u>) The appeal was rejected on January 13, 2014, for failure to provide the necessary supporting documentation. (<u>Id.</u>) The rejection letter noted that the appeal was determined to be a property issue, and if Plaintiff desired to pursue the appeal he was required to provide documentation showing the TV was his property. (<u>Id.</u>)

Plaintiff filed a second appeal related to the same issues on February 15, 2014. (Morgan Decl. ¶ 8, Exs. F and G.) The appeal was cancelled on March 12, 2014, for failure to file within the 30 day

7

Case 1:14-cv-01526-DAD-SAB   Document 23   Filed 10/13/15   Page 8 of 18

time limit.  (Id.)  Morgan declares that no further action was taken regarding this specific appeal.  (Morgan Decl. ¶ 8.)

In his complaint, Plaintiff contends that the appeal process was not completed due to issues with the appeals coordinator.  (ECF No. 1, Compl. at 44-47, 54, and 76.)  Plaintiff filed a separate state habeas corpus petition to address the lack of processing of inmate appeals at PVSP.  The state habeas corpus petition was filed in the Superior Court of California, County of Fresno, and assigned case number 13CRWR681574.  The Court found an evidentiary hearing necessary to resolve factual issues pertaining to Plaintiff's contention that PVSP was not properly processing his CDCR Form 602 administrative appeals.  (Compl. at 54.)   On April 15, 2014, the Court continued the evidentiary hearing because PVSP agreed to process the appeals.  (Compl. at 76.)  Plaintiff's petition was later denied as moot.  The appeals process was conducted on two separate property issues relating to CDs and a radio.

Plaintiff submitted appeal PVSP-C-14-01054 on February 29, 2013, complaining of confiscated CDs.  (Morgan Decl. ¶ 9, Ex. H.)  The appeal was initially rejected but then subsequently accepted at the first level of review on May 14, 2014.  The appeal was denied at the first level of review on May 27, 2014.  (Id., Ex. I.)  The appeal was subsequently denied at the second level of review on July 9, 2014.  (Id., Ex. J.)   The appeal was cancelled at the third level of review, exhausting the administrative remedies.

Plaintiff submitted appeal PVSP-C-14-01055 on February 27, 2013, complaining of a confiscated radio.  (Morgan Decl. ¶ 10, Ex. K.)  The appeal was initially rejected because Plaintiff exceeded the amount of allowable appeals in a 14 day calendar period.  The appeal was subsequently accepted at the first level on May 14, 2014.  (Id., Ex. L.)  The appeal was denied at the first level on May 28, 2014, because it was determined the radio was broken when Plaintiff arrived and he chose to have it disposed of in the trash.  (Id., Ex. M.)  Plaintiff subsequently appealed to the second level of review on August 12, 2014, which was denied on September 11, 2014.  (Id., Ex. N.)  Plaintiff did not appeal to the third level of review.  (Morgan Decl. ¶ 10.)

8

Defendants argue that because Plaintiff never had an appeal accepted at the third level of review, or even the first for that matter, regarding the claims asserted in his complaint, Plaintiff failed to administratively exhaust his claims prior to filing suit, and dismissal is warranted.

2.  Inmate Appeal PVSP-C-14-00076

In appeal PVSP-C-14-00076 (later converted to PVSP-C-14-00488), Plaintiff complained about inmate mail. (Morgan Decl. ¶ 6, Exs. B and C.) On January 9, 2014, the appeal was screened out at the first level because Plaintiff failed to attach the unanswered CDCR 22s from Officer Sweeney. (Id. Ex. B.) Attached to Plaintiff's appeal is a CDCR Form 22, Inmate/Parolee Request for Interview, Item or Service, dated January 2, 2014, which was received by J. Cruz and forwarded by mail to "C" yard Lt. Ybarra. (Id.) Plaintiff re-submitted the appeal and it was rejected as untimely and because Plaintiff failed to attach the "unanswered CDCR 22s [Inmate/Parolee Request for Interview] submitted to Officer Sweeney, in response to your statements, stating C/O Sweeney was not going to answer your CDCR 22s." (Id., Ex. C.)

The current regulations allow an inmate to utilize a Form 22 to attempt to resolve informally a grievance "with staff and/or to request items and services." Cal. Code Regs. tit., 15 § 3086(d)(1). A Form 22 is intended to facilitate the "timely resolution of routine matters through an effective and non-conflictive communication process," pursuant to which "Department staff shall attempt to resolve inmate and parolee issues expeditiously." Id. § 3086(a). The regulations require an initial response to a submitted Form 22, within three working days. Id. § 3086(f)(4). A prisoner may thereafter resubmit the Form 22 to the reporting employee's supervisor, who must provide a response within seven calendar days. Id. § 3086(h).

Although an inmate's submission of a Form 22 does not stay the thirty-day deadline for initiating a Form 602 appeal (or any subsequent appeal deadlines), and the two forms may even be filed at the same time, exhaustion of the Form 22 process may nevertheless be deemed a prerequisite to pursuing a Form 602 appeal. Id. § 3086(e)(2).[3] However, "[a]n inmate's … documented use of a

---

[3] Section 3086(e)(2) specifically states in pertinent part:

9

Request for Interview, Item or Service form does not constitute exhaustion of administrative remedies as defined in subsection 3084.1(b) [pursuant to a Form 602]." Id. § 3086(i). Coleman v. Hubbard, No. 2:12-cv-00985 KJN P, 2012 WL 3038571, *9 (E.D. Cal. July 25, 2012). In Coleman, the Court stated "[a]lthough CDCR's new Form 22 appears to accord substantial discretion to prison officials to decide whether to require a prisoner to complete the Form 22 process before accepting a related Form 602 appeal, such discretion appears to be authorized by the Department's regulations. It is reasonable to require that a prisoner seeking to challenge this discretion demonstrate compliance, or at least a good faith attempt to comply, with the authorized exhaustion requirements before bringing the challenge to federal court on the ground that administrative remedies were 'effectively unavailable.'" Coleman v. Hubbard, 2012 WL 3038571, at *10.

In this instance, in appeal number PVSP-C-14-00076, Plaintiff complained that Defendant Sweeney failed to provide Plaintiff state indigent envelopes in retaliation for filing a lawsuit and/or complaints against prison officials. (Morgan Decl., Ex. B.) In the appeal, Plaintiff specifically noted that when Plaintiff asked officer Sweeney to sign his CDC-Form 22, Sweeney stated, "I ain't signing nothing." (Id.)

The appeal was initially rejected on January 9, 2014, because Plaintiff failed to "[a]ttach your unanswered CDCR 22s from Officer Sweeney." (Morgan Decl., Ex. C.) Plaintiff responded by letter to Appeals Coordinator, J. Morgan, dated February 15, 2014, and stated as follows:

> I am Vance Johnson (P48409) C1-127L, writing you respectfully to let you know that I have not receive an answer from the Lt. regarding the CDC form 22 that was processed on 1-2-14.
>
> Also note that C.O. Sweeney was put on leave to absence and has not returned to building # C1 for over 3 ½ weeks now, and is not available to answer the form 22. It was noted on the CDC 602 Inmate Appeal already that C.O. Sweeney already had said he would not sign no CDC form 22 in addition to his now latest absence.

---

As the written request process does not stay the time constraints for filing an appeal [see 15 Cal. Code Regs. § 3084.8], the inmate or parolee is not precluded from filing an appeal on the same issue prior to receiving a response to their written request. However, the appeal may be rejected by the appeals coordinator or designee with instructions to complete the request form process before resubmitting the appeal.

Cal. Code. Regs. tit. 15, § 3086(e)(2).

> Please process my 602 Inmate Appeal through the administrative process, due to these circumstances which is beyond my control. I want to exhaust the 3 levels of administrative process for effective redress and relief (1st Amdt) and or continue the process to state or District Ct. level if need be. (5th & 14th Amdt.)
>
> I have done all I could do, I can't cause the officers to comply with their own policy and procedures.

(Morgan Decl., Ex. C.)

The PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010). Administrative remedies may be rendered unavailable where an inmate's administrative grievance is improperly screened. Id. at 823. An inmate may be excused from the exhaustion requirement where the inmate took "reasonable and appropriate steps to exhaust his claim," yet was precluded from exhausting through no fault of his own. Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

Attached to the declaration of J. Morgan is the Form 22 submitted by Plaintiff on January 2, 2014, and received by J. Cruz and forwarded to Lieutenant Ybarra by mail. (Morgan Decl., Ex. C.) Plaintiff has demonstrated substantial compliance, as evidenced by his February 15, 2014 letter, of the Form 22 process, but his efforts were thwarted from doing so which prevented him from further pursuing his Form 602 appeal. Plaintiff could not have submitted the unanswered Form 22 if such form was not returned to him, and Defendants submit no evidence that such document was indeed returned to him and he failed to re-submit. Accordingly, summary judgment is not appropriate on this claim.

3. Inmate Appeal PVSP Log Number 14-00085

As previously stated, in appeal PVSP log number 14-00085, dated January 1, 2014, Plaintiff alleged that officers Sweeny and Hardin conducted a cell search and took his TV stating it had scratches on it and that someone else owned it. (Morgan Decl. ¶ 7, Exs. D and E.) Plaintiff contends the TV did not have any scratches on it and his last name and inmate identification number was located on the top of the TV. (Id.) Plaintiff claimed his name and inmate ID were located at the top portion of the TV. (Id.) Plaintiff further alleged the TV did not have this information scratched out as

claimed by Defendants. Plaintiff also claimed that Defendants Sweeney and Hardin harassed and intimidated him. (Id.)

This appeal did not contain any facts about Defendants Hardin and Sweeny ransacking his cell, throwing away legal paperwork, opening personal hygiene containers, stepping on food or spitting in his prayer oils.[4]

The appeal was rejected on January 13, 2014, for failure to provide the necessary supporting documentation. (Id.) The rejection letter noted that the appeal was determined to be a property issue, and if Plaintiff desired to pursue the appeal he was required to provide documentation showing the TV was his property. (Id.)

Plaintiff filed a second appeal related to the same issues on February 15, 2014. (Morgan Decl. ¶ 8, Exs. F and G.) In a letter dated, February 15, 2014, Plaintiff stated as follows:

> I am Vance Johnson (P48409) C1-127L, writing to inform you respectfully that I am providing (with my lawyer's assistance Brandie Devall) a copy of my "Registered Property Sheet" from Folsom State Prison, verifying the property that was in my possession when I arrived at PVSP on 2-12-13 from Folsom State Prison on the bus.
>
> My attorney received no cooperation from R&R at PVSP to acquire or recover my (Johnson's) in processing property sheets that they allegedly have depicted what property I actually had in my possession, after PVSP officers confiscated & hammer destroyed my JWIN Boom Box and confiscated (10) CD's wrongfully.
>
> Then, the subsequent wrongful taking and confiscating of my Hiteker TV by C.O. Sweeney with C.O. Hardy both retaliating, after I submitted 602 Inmate Appeals against them, as they were communicating, concerting, and concurring with the PVSP R&R Dept, and alleging that I had no TV in my property. The officers at R&R are Respondents of Superior Ct. of Fresno Case #13CRWR681574 re: Property Issues.
>
> In the Folsom "Registered Property Sheet" not only verifies replacement property issued that had been stolen in July 6, 2006 and that I arrived with at PVSP, but other items that was not listed, are listed in PVSP Property Sheet/card that the officer's refused to give me a copy of, to verify all of my property after their destructive actions with my Jwin and CD's.
> This is the only verification that was provided to my attorney to assuage these circumstances without obtaining a court order. The Court case (which you are involved in) is still active, and I have complied with your instruction to provide documentation showing that the TV on my property.

---

[4] There is no evidence that these allegations were presented in any other appeal, and prison officials therefore had no notice of these claims and Plaintiff is barred from proceeding with them in the present action.

12

> Please process my 602 Inmate Appeal dated 1-1-14 at the administrative levels, to be exhausted for redress (1st Amdt) or for further state and District Ct. action (5th and 14th Amdts.)
>
> With all due respect, please, I just want ALL of my property and be left alone, WITH the relief requested in the 1-1-14 602 Inmate Appeal.
>
> All the paperwork of the 12-29-13 and 1-1-14 and both of your 1st level screening response has already been filed and submitted to my attorney as well, for Superior Ct. availability and consideration on 1-24-14.  (see Inmate Request for Interview)

(Morgan Decl., Ex. F.)

The appeal was cancelled on March 12, 2014, for failure to file within the 30 day time limit. (Id.)  Morgan declares that no further action was taken regarding this specific appeal.  (Morgan Decl. ¶ 8.)

CDCR has set forth rules that inmates must comply with when submitting appeals, such as use of the standardized CDCR Form 602, attachment of necessary supporting documentation, and submission of the appeal within thirty days of the disputed event.  Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).  Each prison is required to have an "appeals coordinator" whose job is to "screen all appeals prior to acceptance and assignment for review." Cal. Code Regs. tit. 15, § 3084.5(b).  The appeals coordinator may refuse to accept an appeal, and can either reject or cancel the appeal.  Id. § 3084.6(a) ("Appeals may be rejected pursuant to subsection 3084.6(b), or cancelled pursuant to subsection 3084.6(c), as determined by the appeals coordinator").  Pursuant to the regulations, "a cancellation or rejection decision does not exhaust administrative remedies."  Id. § 3084.1(b).  When an appeal is "rejected," the appeals coordinator is required to "provide clear and sufficient instructions regarding further actions the inmate … must take to qualify the appeal for processing."  Id. § 3084.6(a)(1).  When an appeal is "cancelled," the prisoner "shall be notified of the specific reason(s) for the … cancellation."  Id. § 3084.5(b)(3).

In this case, Plaintiff filed a subsequent appeal but it was untimely.  The administrative remedy process provides staff with the discretion to determine whether the inmate had the opportunity to submit a timely appeal and it allows staff to excuse late appeals or to reinstate cancelled appeals, §§ 3084.6(a)(3)-(4), (c)(4).  A cancellation decision may be challenged, § 3084.6(e), and in the

1  cancellation letter dated March 12, 2014, Plaintiff was specifically informed in writing as follows:
2  "Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.
3  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be
4  resubmitted if the appeal on the cancellation is granted." (Morgan Decl., Ex. G.)
5          Plaintiff's attaches as an exhibit to his opposition an appeal of the cancellation decision.  (ECF
6  No. 18, Ex. 12.)  Defendants submit that there is no record such appeal was ever received by the
7  appeals office, and Defendants challenge the authenticity of such document.  (ECF No. 19, Supp.
8  Decl. Morgan ¶¶ 16, 20.)
9          "'Unauthenticated documents cannot be considered in a motion for summary judgment,'" and
10 "[t]he authentication of a document requires 'evidence sufficient to support a finding that the matter in
11 question is what its proponent claims.'" Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 532-533
12 (9th Cir. 2011) (quoting Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) (citing
13 Fed. R. Evid. 901(a)).  An inquiry into authenticity concerns the genuineness of an item of evidence,
14 not its admissibility. Orr, 285 F.3d at 776.  Rule 901 of the Federal Rules of Evidence provides that
15 evidence may be authenticated by "[t]he appearance, contents, substance, internal patterns, or other
16 distinctive characteristics of the item, taken together with all the circumstances," Fed. R. Evid.
17 901(b)(4), and documents may be authenticated by review of their contents if they appear to be
18 sufficiently genuine, Las Vegas Sands, LLC, 632 F.3d at 533 (citing Orr, 285 F.3d at 778 n.24)
19 (quotation marks omitted).
20         Courts generally view objections based on authentication skeptically in the absence of an
21 indication that the document's authenticity is genuinely in dispute, Chamberlain v. Les Schwab Tire
22 Center of California, Inc., No. 2:11-cv-03105-JAM-DAD, 2012 WL 6020103, at *2 (E.D. Cal. Dec. 3,
23 2012); Burch v. Regents of the University of California, 433 F.Supp.2d 1110, 1120-1121 (E.D. Cal.
24 2006), and objections to prison records which are clearly what they purport to be are routinely
25 overruled under Rule 901(b)(4), see, e.g., Thomas v. Quintana, No. CV 10-2671-JGB (CWX) (official
26 Bureau of Prisons logs and records maintained in the ordinary course of business); Howard v. Wang,
27 No. 1:10cv01783 AWI DLB PC, 2014 WL 3687728, at *3 (E.D. Cal. Jul. 24, 2014) (prison records
28 maintained in inmate's central and medical files), findings and recommendations adopted in full, 2014

WL 5483739 (E.D. Cal. Nov. 19, 2014); Abdullah v. CDC, No. CIV S-06-2378 MCE JFM P, 2010 WL 4813572, at *3 (E.D. Cal. Nov. 19, 2010) (finding no objection for lack of foundation and authentication unavailing where the records were from the plaintiff's prison file and they were created and maintained by prison officials), findings and recommendations adopted in full, 2011 WL 489599 (E.D. Cal. Feb. 7, 2011); Sanchez v. Penner, No. CIV S-07-0542 MCE EFB P, 2009 WL 3088331, at *5 (E.D. Cal. Sept. 22, 2009) (overruling lack of foundation and proper authentication objections to prison medical records submitted by the plaintiff). In this case, however, the CDCR form Plaintiff purports to have filled out and submitted to prison officials on March 20, 2014 does not contain any indicia of official receipt or other distinctive characteristics sufficient to support a finding that they are what they purport to be. There is no way for the Court to determine (and Plaintiff does not provide any detail) as to when and how the forms were submitted. Plaintiff merely attaches the document as an exhibit to his opposition. Documents may be authenticated through personal knowledge where they are attached to an affidavit and the affiant is a competent witness who wrote the document, signed it, used it, or saw others do so. Fed. R. Evid. 901(b)(1); Las Vegas Sands, LLC, 632 F.3d at 553 (citing Orr, 285 F.3d at 773.) Moreover, Plaintiff's competence to testify about matters within his personal knowledge may be inferred from his declaration. Strong v. Valdez Fine Foods, 724 F.3d 1042, 1045 (9th Cir. 2013); Barthelemy v. Air Line Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990) (per curiam). However, in this instance, Plaintiff's opposition does not lay an adequate foundation to authenticate the appeal and the request forms. Even considering the leniency Plaintiff is entitled to given his pro set status, Plaintiff's opposition contains no information relating to the circumstances surrounding the submission of the alleged appeal challenging the cancellation decision as untimely. There are no facts as to the date on which he allegedly submitted the forms, how he submitted the forms, to whom he submitted the forms, and the forms themselves lack any indicia of genuineness, as previously discussed herein. The appeal, dated March 20, 2014, bears no stamp indicating that it was ever submitted and received by the Appeals Office. Plaintiff offers no evidence that he actually submitted the alleged appeal, nor does he provide how he submitted it, if he gave it to anyone, when he submitted it, if he ever received a response, and if he did not receive a response, what actions he took to remedy the issue.

1  Further, Plaintiff cannot blame the Inmate/Parolee Appeals Tracking System ("IATS") failure on any possible loss of this "appeal" because the system's issues were resolved by the date Plaintiff wrote on the "appeal," March 20, 2014.[5]  (Supp. Decl. Morgan ¶ 19.)  The only relevant item of Plaintiff's that was affected by the outage was his second submission of appeal number PVSP-C-14-00085.  (Id. ¶ 14.)  However, the appeal was recovered and reassigned number PVSP-C_14-00487, and properly processed.  (Id.)  Plaintiff simply failed to comply with the time constraints of submitting the subsequent appeal within thirty days of the rejection and Plaintiff did not provide a reasonable explanation in any appeal challenging the rejection as untimely.  However, even if it is assumed that Plaintiff actually submitted an appeal of the cancellation on March 20, 2014, the substance of Plaintiff's appeal does not address or explain the timeliness issue, but rather addresses only the merits of his claim.  The issue to be appealed at that juncture was whether Plaintiff's resubmission of the rejected appeal was properly rejected as "untimely" as that was the sole basis for denial.  Furthermore, there is no evidence whatsoever that such appeal of the rejection was ever exhausted.  Accordingly, Defendants are entitled to summary judgment.

         4.        <u>Other Appeals Filed by Plaintiff</u>

In case number 13 CRWR681574 in the Superior Court of California, County of Fresno, the Court required an evidentiary hearing to resolve factual matters pertaining to Plaintiff/Petitioner's contention that PVSP was not properly processing his CDCR Form 602 administrative appeals.  (Compl. at 54.)  On April 15, 2014, the Court continued the evidentiary hearing because PVSP agreed to process the appeals.  (Id. at 76.)  Plaintiff's petition was later denied as moot.  The appeals process was conducted on two separate property issues regarding various CDs and a radio.  (Morgan Decl. ¶¶ 9-10, Exs. H, I, J, K, L, M and N.)

---

[5] According to appeals coordinator, J. Morgan, "On February 19, 2014, the PVSP Appeals Office began experiencing problems with IATS.  On March 6, 2014, the PVSP Appeals Office was advised by Enterprise Information Services (EIS) that our IATS database had been restored from a backup completed on March 6, 2014.  The database restoration was necessary due to corrupted data that was caused by an incompatibility between the Paradox and Delphi software used by IATS and an upgrade to the Windows 7 operating system.  Due to the database restoration, all data entered into IATS between February 19, 2014 through March 5, 2014, was lost.  In some instances, IATS would not let us enter data for certain appeals.  In addition, there have been a few instances of scrambled data in which information relative to one appeal was included in the record of another appeal. "  (Supp. Decl. Morgan ¶ 7.)  "On March 17, 2014, PVSP 'abandoned' the old IATS database and began using a new and separate IATS database.  However, there was a second failure from August 25, 2014 until September 25, 2015."  (Id. ¶ 8.)

The first property issue (PVSP-C-14-01054) was exhausted through the third level. The issue in this appeal related to the confiscation of explicit CDs. (Morgan Decl. ¶ 9, Exs. H, I, and J. The appeal was denied at the first two levels and cancelled at the third. (Morgan Decl. ¶ 9, Exs. H, I and J.)

The second appeal (PVSP-C-14-01055) concerned a radio that was confiscated for having a cell phone inside of it and being broken. (Morgan Decl. ¶ 10, Exs. K, L, M and N.) The appeal was denied at the first two levels and never appealed to the third level. (Id.)

Neither of these appeals, nor any other appeals in this time frame referenced the personal hygiene products, smashed food, or spitting in prayer oil. (Voong Decl. ¶ 10, Ex. A; Morgan Decl. ¶¶ 9-10, Exs. H, I, J, K, L, M and N.) In addition, Plaintiff never claimed his appeal regarding the TV was improperly screened out or handled by filing an appeal related to the rejection.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment for failure to exhaust the administrative remedies be DENIED as to Plaintiff's claim against Defendant Sweeney for failure to provide mailing envelopes in retaliation for exercising his First Amendment right; and

2. Defendants' motion for summary judgment for failure to exhaust the administrative remedies be GRANTED as to all other claims of retaliation against Defendants Sweeney and Harden.

//
//
//
//
//
//
//

1 | These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 13, 2015**

UNITED STATES MAGISTRATE JUDGE