1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   VANCE EDWARD JOHNSON,                )   Case No.: 1:14-cv-01526-LJO-SAB (PC)
                                          )
12                    Plaintiff,          )
                                          )
13            v.                          )   ORDER DENYING PLAINTIFF'S MOTION FOR
                                          )   QUALIFIED LAB EXAMINER/MEDICAL
14   SWEENEY, et al.,                     )   EXPERT WITNESS
                                          )
15                    Defendants.         )   [ECF No. 27]
                                          )
16   _____  )

17          Plaintiff Vance Edward Johnson is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19          On November 23, 2015, Plaintiff filed a motion to appoint a medical expert witness in this

20   action.  Plaintiff requests a qualified lab examiner and/or medical expert witness to "oversee DNA

21   Buccal Swab Testing at the location of the test will be divulged upon the Courts designation, time and

22   date, to monitor the scope of particular intrusion of the Buccal Swab Test."

23          An expert witness may testify to help the trier of fact understand the evidence or determine a

24   fact at issue.  Fed. R. Evid. 702.  Under Rule 706(a) of the Federal Rules of Evidence, the Court has

25   discretion to appoint a neutral expert on its own motion or on the motion of a party.  Fed. R. Evid.

26   706(a); <u>Walker v. Am. Home Shield Long Term Disability Plan</u>, 180 F.3d 1065, 1071 (9th Cir. 1999).

27   Rule 706 does not contemplate court appointment and compensation of an expert witness as an

28   advocate for Plaintiff.  See <u>Gamez v. Gonzalez</u>, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1

                                            1

(E.D. Cal. June 3, 2010).  Indeed, appointment of an independent expert under "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice."  In re JoinT E. & S. Dists. Asbestos Litig., 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case).

The appointment of an independent expert is to assist the trier of fact, not a particular litigant. The Court may not appoint an expert witness to advocate for Plaintiff at trial.  Plaintiff fails to provide a valid basis to require the appointment of a neutral expert witness as the Court has not ordered a buccal swab testing to be conducted.  Nor is there any basis that such testing will further Plaintiff's claim of retaliation in violation of the First Amendment.  Accordingly, Plaintiff's motion for appointment of an expert witness is DENIED.

IT IS SO ORDERED.

Dated:   **December 10, 2015**

_____
UNITED STATES MAGISTRATE JUDGE