UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>SWEENEY, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-01526-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR COPY OF DEPOSITION TRANSCRIPT<br><br>[ECF Nos. 32, 35] |

Plaintiff Vance Edward Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 30, 2015, Plaintiff filed a motion for a copy of the deposition transcripts. (ECF No. 32.) Plaintiff filed a duplicate copy of the motion on December 8, 2015. (ECF No. 35.) Defendants filed an opposition on December 9, 2015. (ECF No. 36.)

**I.**

**DISCUSSION**

Federal Rule of Civil Procedure 30 provides that when paid reasonable charges, the deposition officer must furnish a copy of the transcript or recording to any party or the deponent. Fed. R. Civ. P. 30(f)(3). Similarly, California Code of Civil Procedure section 2025.510(c) provides that the deponent must obtain a copy of any deposition transcripts at his own expense. In addition, there is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of a

deposition transcript.  See 28 U.S.C. § 1915(d); see also Whittenberg v. Roll, No. 2:04-cv-2313 FCD JFM, 2006 WL 657381 at *5 (E.D. Cal. Mar. 15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of the deposition transcript free of charge).

Plaintiff contends that Deputy Attorney General Sloan responded to Plaintiff's request for a copy of the transcript stating, "You have to pay .10¢ per sheet to obtain your copy, you can do anything to your copy then.  You are finished here!"  (ECF No. 32, Mot. at 2.)  Defense counsel submits these statements are inaccurate, and Plaintiff was informed he could request a copy of the transcripts through the court reporter or his institution's litigation department.  (ECF No. 36, Opp'n at 2.)

Plaintiff's motion for a complimentary copy of the deposition transcript must be denied.  As stated above, the Court cannot order the court reporter, defense counsel, defendants, to provide Plaintiff a copy of the deposition transcript free of charge.  Plaintiff must obtain the deposition transcript from the officer before whom the deposition was taken on October 22, 2015.  See Boston v. Garcia, No. 2:10-cv-1782 KJM DAD, 2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript).  Accordingly, as there is no basis to provide Plaintiff a free copy of the deposition transcript, Plaintiff's request is DENIED.

IT IS SO ORDERED.

Dated:   **December 10, 2015**

UNITED STATES MAGISTRATE JUDGE