UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON,<br><br>          Plaintiff,<br><br>     v.<br><br>SWEENEY, et al.,<br><br>          Defendants. | Case No.: 1:14-cv-01526-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL, WITHOUT PREJUDICE<br><br>[ECF Nos. 28, 29] |

Plaintiff Vance Edward Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Sweeney and Hardon for retaliation in violation of the First Amendment.

On November 23, 2015, Plaintiff filed a motion to compel. (ECF No. 28.)

**I.**

**DISCUSSION**

The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the

action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

Although Plaintiff is proceeding pro se in this action, Plaintiff is nonetheless required as the moving party to inform the Court which discovery requests are the subject of his motion to compel, which of Defendants' responses are disputed, why he believes Defendants' response are deficient, why Defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.

In this instance, Plaintiff has not attached copies of his discovery requests or Defendants' responses thereto to his motion to compel. Nor has Plaintiff reproduced the discovery requests and Defendants' responses thereto in his motion. Plaintiff is advised that the Court is unable to rule on his motion to compel as it currently presented because it is not clear what Plaintiff was asking for in his discovery requests or whether Plaintiff's discovery requests were proper. It is also not clear how Defendants' responded to each of Plaintiff's discovery requests or why Defendants' responses are inadequate. Accordingly, the Court will deny Plaintiff's motions to compel, without prejudice. Because the discovery deadline expired on November 16, 2015-the same Plaintiff filed the instant motions (with application of the mailbox rule), the Court will extend the discovery deadline by thirty (30) days for the limited purpose of allowing Plaintiff to re-file his motions to compel, if so desired.

No other discovery, outside of re-filing the motions to compel relating to discovery prior to the expiration deadline may be conducted.

Based on the foregoing, Plaintiff's motions to compel are DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 10, 2015**

UNITED STATES MAGISTRATE JUDGE