UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>SWEENEY and J. HARDIN,<br><br>  Defendants. | No. 1:14-cv-01526-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 15, 23) |

Plaintiff Vance Edward Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 13, 2015, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted in part and denied in part. Specifically, the magistrate judge recommended that defendants' motion for summary judgment based upon plaintiff's alleged failure to exhaust his administrative remedies prior to filing suit as required be denied as to plaintiff's claim against defendant Sweeney for failure to provide mailing envelopes in retaliation for plaintiff's exercising of his First Amendment right, and granted as to all other claims of retaliation brought by plaintiff

1

1 against defendants Sweeney and Harden.  Those findings and recommendations were served on
2 the parties and contained notice that objections were to be filed within thirty days of service.
3 Defendants filed objections, in light of the mailbox rule, on November 10, 2015, and plaintiff's
4 objections were received by the court on November 23, 2015.  (Doc. Nos. 24, 26.)

5 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
6 de novo review of this case.  Having carefully reviewed the entire file, including the parties'
7 objections, the court finds the findings and recommendations to be supported by the record and
8 by proper analysis.

9 In their objections, defendants submit they "did not fully address the Mail Appeal in their
10 moving papers in good faith because the legal mail issue had been screened out of the Complaint
11 and was unrelated to the issue of retaliation."  (Doc. No. 24 at 2.)  "Defendants request this Court
12 allow them to submit the additional briefing and evidence in support of their Motion for Summary
13 Judgment on the Mail Appeal contained herein."  (*Id.* at 3.)  The undersigned does not agree that
14 plaintiff's retaliation claim relating to the mail appeal was screened out by the magistrate judge in
15 his December 22, 2014 screening order finding service of the complaint appropriate.  (*See* Doc.
16 No. 8.)  In that screening order, the magistrate judge found that plaintiff's complaint stated a First
17 Amendment claim of retaliation against defendants Sweeney and J. Hardin.  (*Id.* at 1.)  Indeed,
18 defendants acknowledge in their motion for summary judgment that plaintiff's complaint:  (1)
19 "alleges that on January 1, 2014, Defendant Sweeney 'ransacked' Plaintiff's cell, threw away
20 legal paperwork, opened personal hygiene items, stepped on food, spit in his prayer oil and
21 confiscated his flat screen TV;" and (2) "alleges Defendant Sweeney refused to provide indigent
22 state envelopes to Plaintiff so he could mail his attorney information regarding Correctional
23 Officer White's alleged actions."  (Doc. No. 15-2 at 2.)

24 With their objections, defendants submit evidence that plaintiff did not administratively
25 exhaust his retaliation claim relating to the mail appeal issue and argue that plaintiff "will have
26 the opportunity to respond to Defendants' objections and legal authority in his response to
27 Defendants' objections."  (Doc. No. 24 at 2.)  However, the court finds the prudent approach is to
28 deny defendants' motion for summary judgment as it relates to this claim without prejudice to

defendants re-noticing and re-filing a motion for summary judgment directed at the argument now raised by defendants. By proceeding in this way, proper briefing by both sides on the issue will be received.

Plaintiff has also submitted objections to the findings and recommendations regarding his remaining claims. (*See* Doc. No. 26.) In support of his objections, plaintiff argues that the findings and recommendations failed to account for certain evidence and relied on allegedly false testimony. Plaintiff's evidence, however, does not resolve the deficiencies described in the findings and recommendations. For example, plaintiff states that additional discovery reveals a second failure of the Inmate/Parolee Appeals Tracking System. (*Id.* at 7–8.) Plaintiff alleges that this failure caused the loss of his inmate appeal of the cancellation decision regarding PVSP Log No. 14-00085, purportedly dated March 20, 2014. (*Id.*; *see also* Doc. No. 18 at 40–42.) Because plaintiff fails to adequately lay a foundation for this inmate appeal or to describe the circumstances surrounding the submission of the alleged inmate appeal, the court finds summary judgment to be warranted.

Accordingly,

1. The October 13, 2015 findings and recommendations are adopted in full;
2. Defendants' motion for summary judgment is granted in part and denied in part;
3. Within thirty (30) days from the date of service of this order, defendant Sweeney may re-file an exhaustion-related motion for summary judgment as to plaintiff's mail appeal retaliation claim against defendant Sweeney; and
4. All other claims and defendant Harden are dismissed from the action.

IT IS SO ORDERED.

Dated:  **July 29, 2016**

_____
UNITED STATES DISTRICT JUDGE