UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SWEENEY,<br><br>　　　　Defendant. | Case No.: 1:14-cv-01526-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING TO GRANT DEFENDANT SWEENEY'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST<br><br>[ECF No. 57] |

Plaintiff Vance Edward Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendant Sweeney's motion for summary judgment for failure to exhaust the administrative remedies as to Plaintiff's claim that Sweeney retaliated against him by failing to provide Plaintiff indigent envelopes on or about December 20, 2013.

**I.**

**RELEVANT HISTORY**

This action proceeds on Plaintiff's claim that Defendant Sweeney retaliated against him by failing to provide Plaintiff indigent envelopes on or about December 20, 2013.

On May 13, 2015, Defendants Sweeney and Hardin filed a motion for summary judgment on the ground that Plaintiff failed to exhaust the administrative remedies. Plaintiff filed an opposition on June 22, 2015, and Defendants filed a reply on June 29, 2015.

On October 13, 2015, the undersigned issued Findings and Recommendations recommending that Defendants' motion for summary judgment be granted in part and denied in part. (ECF No. 23.) The Findings and Recommendations were adopted in full on July 29, 2016, and Defendant Sweeney was granted thirty days to re-file an exhaustion0related motion for summary judgment as to Plaintiff's mail appeal retaliation claim.

As previously stated, Defendant Sweeney filed a motion for summary judgment for failure to exhaust the administrative remedies on August 23, 2016. Plaintiff filed an opposition on September 28, 2016, and Defendant filed a reply on October 6, 2016.[1] The motion is deemed submitted, without oral. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A. Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v.

---

[1] Defendant submits that Plaintiff's opposition is untimely and should not be considered. Under the mailbox rule, Plaintiff's opposition was deemed filed on September 23, 2016-10 days beyond the 21 days period of time to file an opposition. Local Rule 230(l). Plaintiff's opposition will be deemed timely filed given Plaintiff's pro se status and the lack of prejudice to Defendant.

Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence

showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

### B. Summary of Allegations Underlying Plaintiff's Constitutional Claims

Plaintiff alleges that on or about December 20, 2013, officer Sweeney refused to provide indigent state envelopes to Plaintiff so he could mail his attorney information regarding another correctional officer's alleged actions.

### C. Statement of Undisputed Facts

1. Plaintiff Vance Edward Johnson (P-48409) is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR). (Compl., ECF No. 1 at 1.)

2. At all times relevant to this lawsuit, Plaintiff was incarcerated at Pleasant Valley State Prison (PVSP) in Coalinga, California. (Id.)

3.      At all relevant times to this lawsuit, Defendant Correctional Officer Sweeney was employed by CDCR at PVSP.  (Id. at 3.)

4.      CDCR provides its inmates with a comprehensive administrative grievance process in which inmates may appeal departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on their welfare.  (Navarro Decl. ¶ 2.)

5.      CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA).  (Navarro Decl. ¶ 3.)

6.      The administrative grievance process must be commenced by submitting CDCR form 602 to an individual institution's appeals coordinator.  If the inmate is dissatisfied with the results of review obtained at the formal or first level, or if this level is permissibly bypassed, the inmate must proceed to the second level by completing section D or CDCR form 602 and submitting the form within thirty calendar days of the prior decision.  (Navarro Decl. ¶ 4.)

7.      If the inmate's appeal is partially granted or denied at the second level of review or he is otherwise dissatisfied with the result, the inmate must explain the basis for his dissatisfaction in section F of form 602 and mail the form for review by the Chief of the OOA, via regular mail, legal mail or institutional mail, within thirty calendar days of the prior decision.  (Navarro Decl. ¶ 5.)

8.      The third level review exhausts administrative remedies.  To properly exhaust an administrative grievance, an inmate must pursue his appeals through all levels of the administrative appeal process unless excused from one of the levels under Title 15 § 3084.1.  (Navarro Decl. ¶ 3.)

9.      When an inmate submits an appeal that does not comply with regulations governing the appeal process, an appeals coordinator will reject or "screen out" and return the appeal with the reason for the rejection and provide instructions to correct the defect, if correction is possible.  An appeal may be rejected, cancelled, or accepted for the reasons outlined in California Code of Regulations, Title 15, sections 3084.6(b) and (c), including expiration of time limits and failure to attach supporting documentation.  Rejection or cancellation of an appeal does not exhaust administrative remedies. (Navarro Decl. ¶ 4.)

5

10. PVSP maintains a record of submitted inmates grievances filed at the institution. The electronic database used for tracking grievances is called the Inmate/Parolee Appeals Tracking System – Level I and II ("IATS"). Information recorded in IATS includes the inmate's name and CDCR number; appeal log number; category (nature/subject) of the grievance; date the grievance is received; response deadlines and completion dates; and disposition at the first and second level of review. Appeals that were rejected under Cal. Code Regs. tit. 15, § 3084.6(b) may be reflected in IATS as a single line entry without information relating to any level of review. The appeals office does not keep copies of rejected appeal forms. (Navarro Decl. ¶ 5.)

11. On February 19, 2014, the PVSP Appeals Office began experiencing problems with IATS. On March 6, 2014, the PVSP Appeals Office was advised by Enterprise Information Services (EIS) that PVSP's IATS database had been restored from a backup completed on March 6, 2014. The database restoration was necessary due to corrupted data that was caused by an incompatibility between the Paradox and Delphi software sued by IATS and an upgrade to the Windows 7 operating system. Due to the database restoration, all data entered into IATS between February 19, 2014 through March 5, 2014, was lost. In some instances, IATS would not let the institution enter data for certain appeals.

12. On March 17, 2014, PVSP "abandoned" the old IATS database and began using a new and separate IATS database. However, there was a second failure from August 25, 2014 until September 25, 2015. (Navarro Decl. ¶ 7.)

13. The Mail Appeal was rejected on January 9, 2014, as it was missing necessary documentation. The appeals coordinator requested Plaintiff attach the unanswered CDCR form from Officer Sweeney that Plaintiff discussed in his appeal. (Navarro Decl. ¶ 10, Ex. C.)

14. In case number 13CRWR681574 filed in the Superior Court of California, County of Fresno, the Court required an evidentiary hearing to resolve the factual matters pertaining to Plaintiff/Petitioner's contention that PVSP was not properly processing his CDCR Form 602 administrative appeals. (Compl. at 54.) On April 15, 2014, the Court continued the evidentiary hearing because PVSP agreed to process the appeals. (Compl. at 76.) Plaintiff's petition was later

denied as moot. The appeals process was conducted on two separate property issues regarding various CDs and a radio. (ECF No. 15-5 at ¶¶ 9-10, Exs. H, I, J, K, L, M and N.)

### D. Findings on Defendant's Motion

In 2014, Plaintiff submitted twenty-one inmate grievances, eight of which were accepted for review. (Navarro Decl. ¶ 8.) It is undisputed that Plaintiff submitted the mail appeal on or about December 29, 2013, Log No. PVSP-C-14-00076. (Navarro Decl. ¶ 9, Ex. B.) The appeal was rejected on January 9, 2014, because it was missing necessary documentation. (Navarro Decl. ¶ 10, Ex. C.) It is undisputed the appeals coordinator requested Plaintiff attach the unanswered CDCR form 22 from Officer Sweeny that Plaintiff discussed in his appeal. (Pl.'s Opp'n at 10; Ex. C.)[2] In the mail appeal, Plaintiff stated that he asked Defendant Sweeney to sign a CDCR Form 22. (Navarro Decl., Ex. B.) Plaintiff had thirty days to resubmit the mail appeal with the requested documentation. Plaintiff did not resubmit the mail appeal until March 12, 2014, over two months later. (Navarro Decl. ¶ 12, Ex. D.) Plaintiff's mail appeal was cancelled as untimely. (Id.) The cancellation letter advised Plaintiff of the process by which he could appeal the cancellation, as well as the relevant sections of Title 15 of the California Code of Regulations which provide further guidance and deadlines for appealing the cancellation. (Id.) Plaintiff submitted appeal PVSP-C-14-01810 whereby he appealed the cancellation of the mail appeal. (Navarro Decl. ¶ 14, Ex. E.) The appeal was received and rejected on September 11, 2014, as untimely. (Id.)

The Court finds that Defendant has met his initial burden with respect to Plaintiff's failure to exhaust CDCR's generally available administrative remedy process prior to filing this lawsuit; and for the reasons which follow, it finds that Plaintiff neither exhausted nor demonstrated that the remedy process was rendered effectively unavailable, entitling Defendant to judgment. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015); Albino, 747 F.3d at 1171-72. Once the defendant has met his burden of showing that the plaintiff did not utilize administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."

---

[2] References to the page numbers in Plaintiff's opposition are to the page numbers generated by the Court's electronic case filing system.

1  Albino, 697 F.3d at 1032.

2       In opposition, Plaintiff argues that his appeal was improperly rejected because an inmate is not

3  precluded from filing a grievance prior to receiving a response to the CDCR Form 22 request.  (Pl.'s

4  Opp'n at 14-15.)  Plaintiff contends that he submitted the Form 22 to Defendant Sweeney but it was

5  never signed or returned to Plaintiff, and therefore Plaintiff was unable to complete the administrative

6  grievance process.  (Id.)  Plaintiff makes repeated reference to the "elephant in the room."  (Pl's Opp'n

7  at 6, 11, 17, 18.)

8       As previously stated, the only relevant appeal is log number PVSP-C-14-00076, in which

9  Plaintiff complained about inmate mail, which was rejected for missing documentation.  (Navarro

10 Decl. ¶ 9; Ex. B.)  In the mail appeal, Plaintiff stated that he asked Defendant Sweeney to sign a

11 CDCR Form 22.  It is undisputed that, in rejecting the mail appeal, the appeals coordinator requested

12 that Plaintiff attach the unanswered CDCR Form 22 that he had referenced.  (Pl.'s Opp'n at 10;

13 Navarro Decl., Ex. C.)  Plaintiff's contention that the appeal was improperly rejected is without merit.

14 The relevant provision of Title 15 of the California Code of Regulations states, in relevant part, as

15 follows:

>   (a) Inmates and parolees may request interviews with staff and/or request items and services via a written request form.  …
>
>   (b) The written request process may be used when the inmate and parolees seeks a response to an issue or concern related to his or her confinement or parole.
>
>   ***
>
>   (e) When seeking response to a written request for an interview, item, or service, the inmate or parolee shall complete the Request for Interview, Item or Service form to describe his or her request.  The inmate shall deliver or mail via institutional mail the completed form to any staff member who is able to respond to the issue.  The parolee shall deliver or mail via the United States Postal Service the completed form to his or her parole agent, who shall respond to the issue or, as appropriate, route the form to another staff member who is able to respond to the issue.
>
>       (1) If the inmate or parolee mails the form, the receipted copy of their request may also be returned by staff via the mail.
>
>       (2) As the written request process does not stay the time constraints for filing an appeal, the inmate or parolee is not precluded from filing an appeal on the same issue prior to receiving a response to their written request.  However, the appeal may be rejected by

> the appeals coordinator or designee with instructions to complete the request form process before resubmitting the appeal.

Cal. Code. Regs. tit. 15, § 3086(a), (b), (e)(1), (2). The regulations further provide that an inmate is to obtain and attach all supporting documents necessary for the clarification and/or resolution of his appeal issue prior to submitting the appeal to the appeals coordinator. Id. at § 3084.3(a). An appeal may then be rejected if it is missing necessary supporting documentation. Id. at § 3084.6(b)(7). In this case, Plaintiff expressly indicated in his mail appeal that Defendant Sweeney failed to sign his CDCR Form 22, but the form was not attached to the appeal. Thus, Plaintiff did not provide all necessary supporting documentation to adequately address his grievance that Defendant Sweeney failed to provide him indigent envelopes to mail legal correspondence. Accordingly, the appeal was properly rejected by the appeals coordinator.

When an inmate submits an appeal that is rejected because it does not comply with regulations governing the appeal process, the appeals coordinator is to return the appeal with the reason for the rejection and provide instructions to correct the defect, if correction is possible. (Navarro Decl. ¶ 4.) Plaintiff argues that he was not provided instructions by the appeals coordinator making it impossible for him to exhaust the administrative remedies. (Pl's Opp'n at 6.) Plaintiff's argument is belied by the evidence in the record. Contrary to Plaintiff's claim, the appeals coordinator specifically instructed Plaintiff to "[a]ttach your unanswered CDCR 22s from Officer Sweeney." (Navarro Decl. ¶ 10, Ex. C.) Pursuant to department regulations, Plaintiff had thirty days thereafter to correct the defect and return the appeal to the appeals coordinator. Cal. Code Regs. tit. 15, § 3084.6(a)(2).

To the extent Plaintiff argues that he could not comply with the instructions given by the appeals coordinator because he was waiting for a response to his CDCR Form 22 that never came from Sweeney, such argument is baseless. Plaintiff's mail appeal was not rejected because Sweeney had not responded to the CDCR Form 22, but rather because Plaintiff failed to "[a]ttach [the] unanswered CDCR 22s from Officer Sweeney." (Navarro Decl., Ex C.)

In any event, after Plaintiff's mail appeal was rejected he did not resubmit the appeal until March 12, 2014 (PVSPC-14-00076 reassigned to PVSP-C-14-00888)-over two months later. (Navarro Decl. ¶ 12, Ex. D.) In the cancellation letter, Plaintiff was informed of the process by which

1  he could appeal the cancellation, as well as the relevant sections of Title 15 which provide further
2  guidance and deadlines for appealing the cancellation.  (Id.)  In his opposition, Plaintiff attempts to
3  dispute the rejection of the appeal and points to the "elephant in the room" and the failure to receive a
4  response to his CDCR Form 22  (Pl.'s Opp'n at 9, 15.)  Plaintiff's argument is without merit.  The
5  CDCR Form 22 is maintained on carbon copy paper so that the inmate may retain a copy of the form
6  for his own records.  (Navarro Decl. ¶ 11.)  At the bottom of the form, it states "Distribution: Original
7  – Return to Inmate/Parolee; Canary – Inmate/Parolee's 2nd Copy; Pink – Staff Members Copy;
8  Goldenrod – Inmate/Parolee's 1st Copy."  (Navarro Decl., Ex. D.)  Thus, Plaintiff was only required to
9  provide his first copy (Goldenrod) with his inmate appeal.  In his opposition, Plaintiff simply states
10 that he submitted the entire form, but Plaintiff fails to provide any reasoning as to why he did not
11 retain his own carbon copy of the form.  Contrary to Plaintiff's argument, the first copy of the request
12 is when it is initially submitted to staff for review.  The second canary copy (which Plaintiff contends
13 he never received) is signed by the staff member to be returned to the inmate as receipt to verify the
14 date of submittal.  Cal. Code Regs. tit. 15, § 3084(f)(2).

15  Furthermore, departmental regulations provide that if the inmate is unable to obtain supporting
16 documentation, he is to submit the appeal with all available supporting documents and provide an
17 explanation why any remaining supporting documents are not available.  Cal. Code Regs. tit. 15, §
18 3084.3(b).  Thus, if Plaintiff did not have a copy of the relevant CDCR Form 22 to submit with his
19 appeal, Plaintiff could simply have re-submitted his mail appeal within the time limits and provided an
20 explanation as to why the form was available.  Indeed, when Plaintiff re-submitted his mail appeal
21 *untimely* on March 12, 2014, he attempted to explain the difficulties he was supposedly having but
22 seemed to mistakenly believe that he had to obtain Sweeney's signature on the CDCR Form 22 before
23 he could resubmit his mail appeal.  In any event, as previously stated and detrimental to exhaustion of
24 the administrative remedies is the fact that his resubmission of the mail appeal was untimely and was
25 properly rejected as such.  Woodford v. Ngo, 548 U.S. at 94-95 (in order to give prison official a fair
26 opportunity to resolve a complaint, an inmate must bring that complaint in a timely manner to the
27 officials' attention).
28

10

1   Thereafter, Plaintiff submitted appeal PVSP-C-14-01810 whereby he appealed the cancellation
2   of the mail appeal.  The appeal was received and rejected on September 11, 2014, as untimely because
3   it was submitted five months after the deadline.  The appeal was not maintained in PVSP's records;
4   however a note in the system reflects that the mail appeal was attached to it and that Plaintiff was
5   appealing the cancellation of the mail appeal.  (Navarro Decl. ¶ 14, Ex. E.)  As previously stated,
6   department regulations require that an inmate submit an appeal within 30 calendar days of the
7   occurrence of the event or decision being appealed.  Cal. Code Regs. tit. 15, § 3084.8(b)(1).  Plaintiff
8   clearly exceeded the 30 day time frame by waiting almost six months to submit his appeal of the
9   cancellation of his mail appeal.  Accordingly, this appeal was properly rejected as untimely.  To the
10  extent Plaintiff is attempting to argue that the appeals coordinator failed to provide him with
11  instructions on how to correct this defect, there is no way to correct untimeless.

12  Moreover, in his complaint Plaintiff states that the appeal process was not completed due to
13  issues with the appeals coordinator.  (Compl. at 3.)  It is undisputed that Plaintiff filed a separate
14  habeas petition for this issued and attached the appeals along with court documents to his complaint.[3]
15  (Compl. at 44-47, 54, 76.)  In case number 13CRWR681574 filed in the Superior Court of California,
16  County of Fresno, the Court required an evidentiary hearing to resolve factual matters pertaining to
17  Plaintiff/Petitioner's contention that PVSP was not properly processing his CDCR Form 602
18  administrative appeals.  (Compl. at 54.)  On April 15, 2014, the Court continued the evidentiary
19  hearing because PVSP agreed to process the appeals.  (Compl. at 76.)  Plaintiff's petition was later
20  denied as moot.  The appeals process was conducted on two separate property issues regarding various
21  CDS and a radio.  (ECF No. 15-5 at ¶¶ 9-10, Exs. H, I, J, K, L, M, N.)  The mail appeal was not
22  included in Plaintiff's habeas petition, and thus was not considered an issue nor evaluated.  (Compl. at
23  44-47, 54, 76.)  There were no other appeals related to the mail claim filed by Plaintiff during the
24  period at issue.  (Navarro Decl. ¶ 15.)

---

[3] See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (finding that the court may take **Error! Main Document Only.**judicial notice of court records in other cases).

To the extent Plaintiff attempts to argue that the failure of the IATS, caused and/or contributed to the untimeliness of his mail appeal, such argument is without merit.  It is undisputed that PVSP maintains a record of submitted inmates grievances filed at the institution.  The electronic database used for tracking grievances is called the Inmate/Parolee Appeals Tracking System – Level I and II ("IATS").  Information recorded in IATS includes the inmate's name and CDCR number; appeal log number; category (nature/subject) of the grievance; date the grievance is received; response deadlines and completion dates; and disposition at the first and second level of review.  Appeals that were rejected under Cal. Code Regs. tit. 15, § 3084.6(b) may be reflected in IATS as a single line entry without information relating to any level of review.  The appeals office does not keep copies of rejected appeal forms.  (Navarro Decl. ¶ 5.)

On February 19, 2014, the PVSP Appeals Office began experiencing problems with IATS.  On March 6, 2014, the PVSP Appeals Office was advised by Enterprise Information Services (EIS) that PVSP's IATS database had been restored from a backup completed on March 6, 2014.  The database restoration was necessary due to corrupted data that was caused by an incompatibility between the Paradox and Delphi software sued by IATS and an upgrade to the Windows 7 operating system.  Due to the database restoration, all data entered into IATS between February 19, 2014 through March 5, 2014, was lost.  In some instances, IATS would not let the institution enter data for certain appeals.

On March 17, 2014, PVSP "abandoned" the old IATS database and began using a new and separate IATS database.  However, there was a second failure from August 25, 2014 until September 25, 2015.  (Navarro Decl. ¶ 7.)  The mail appeal was affected by the IATS, however, the appeal was recovered and reassigned Appeal Log Number PVSP-C-14-00488.  (Navarro Decl. ¶ 13; Exs. B & D.)  This is indicated by the sticker located on the right hand side of the first page of the mail appeal.  (Id.)  PVSP Appeals Coordinator, Navarro, declares that the IATS issued had no bearing on the timeliness of Plaintiff's resubmission of the mail appeal and only affected the appeal log number.  (Navarro Decl. § 13.)   Plaintiff submits no evidence to dispute Navarro's declaration of the impact of the IATS failure and procedures implemented thereafter.  Accordingly, the Court finds that Plaintiff did not exhaust his First Amendment retaliation claim against Defendant Sweeney and Defendant is entitled to summary judgment.  Fed. R. Civ. P. 56; Albino, 747 F.3d at 1166.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Sweeney's motion for summary judgment for failure to exhaust the administrative remedies be GRANTED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 1, 2016**

UNITED STATES MAGISTRATE JUDGE